IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| PAULA K. WILSON | * |
| | * |
| Plaintiff | * |
| | * |
| V. | * |
| | *      NO: 4:11CV00813 SWW |
| TYSON FOODS, INC. | * |
| | * |
| Defendant | * |

**ORDER**

Paula K. Wilson ("Wilson") brings this employment discrimination case *pro se* against her former employer, Tyson Foods, Inc. ("Tyson"). Before the Court is Tyson's motion to consolidate this case with *Wilson v. Tyson Foods, Inc.*, 4:12CV00121 BRW–a putative collective action pursuant to the Fair Labor Standards Act ("FLSA"), hereinafter referred to as "the FLSA case," filed by Wilson and co-plaintiff Lola Nichols through counsel. Wilson and Nichols filed an objection to consolidation in the FLSA case (FLSA case, docket entry #17), Tyson filed a reply in support of consolidation (docket entry #19), and Wilson and Nichols, filed a sur-reply (FLSA case, docket entry #21).  After careful consideration, and for reasons that follow, the motion to consolidate is denied.

In her *pro se* complaint filed in this case, Wilson charges that Tyson discriminated against her on the basis of her gender and age by failing to interview her for promotions in 2009 and 2010 "until [she] went to the Tyson EEOC." Compl., ¶ 9. Wilson claims that after she went to the EEOC, Tyson retaliated by generating false disciplinary notices against her and placing her on an undesirable shift. Wilson further alleges that Tyson fired her after she sustained a work-related injury. Wilson alleges: "I was trying to clear product from a hopper, [and] the tip

of my right index finger got caught in [a] machine.  Then I was fired for [a] safety code mandate.

I had the machine turned off.  Then they would not pay me while I was off or allow me to draw

worker's comp." *Id*.

In the FLSA case, Wilson and Nichols filed suit on behalf of themselves and other Tyson

employees, claiming that Tyson failed to pay them overtime compensation and wrongly

classified them as salaried employees exempt from the FLSA's overtime requirements.

In support of its motion to consolidate, Tyson asserts that "central and common" to both

cases are questions regarding Wilson's job duties and performance.  According to Tyson, both

cases "hinge on an examination of Wilson's job duties and a performance of those duties."[1]

Docket entry #16, at 3.  Tyson asserts that the parties will likely depose many of the same

witnesses and produce many of the same documents in both cases, and consolidation will enable

the Court to decide discovery motions "jointly," which will save time and resources and avoid

inconsistent rulings.   Tyson further contends that consolidation will protect Wilson's interests

because Tyson will depose her without counsel in this case, and her testimony could be used

against her in the FLSA case.

Tyson and Nichols strongly oppose Tyson's motion to consolidate.  They argue that the

cases present entirely different legal and factual questions, claims, defenses, injuries and proof.

Additionally, Tyson and Nichols argue that consolidation would unfairly prejudice their ability

to seek redress of alleged FLSA violations by mixing those claims with completely unrelated

discrimination claims, which would "give rise to a host of problems."  *Wilson v. Tyson Foods,*

---

[1] Tyson states that "Wilson's failure to adequately perform her job duties will be relevant to her credibility in [this case], assuming that she denies in [the FLSA case] that her supervisory job duties met the FLSA's requirements for an exemption."  Docket entry #16, at 3.

*Inc.*, No. 4:12CV00121 BRW (docket entry #21, at 2).

Rule 42(a) of the Federal Rules of Civil Procedure provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay. Fed. R. Civ. P. 42(a). "Consolidation of separate actions presenting a common issue of law or fact is permitted under Rule 42 as a matter of convenience and economy in judicial administration. The district court is given broad discretion to decide whether consolidation would be desirable and the decision inevitably is highly contextual." 9 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2383 (3d ed. 2008).

Because the critical questions of law and fact in this case are distinct from those presented in the FLSA case, the Court concludes that consolidation would not result in conservation of judicial resources and would hinder, rather than promote, progress in both cases.

IT IS THEREFORE ORDERED that Defendant's motion for consolidation (docket entry #15) is DENIED.

IT IS SO ORDERED THIS 4TH DAY OF JUNE, 2012.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE